UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | Case No.: 1:10 CV 571 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ROBERT J. FAVINO, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Plaintiff Wells Fargo, ("Plaintiff" or "Wells Fargo"), brings the instant action against Defendant, Robert J. Favino ("Favino" or "Defendant").  Favino named the Federal Housing Administration ("FHA"), an agency within the United States Department of Housing and Urban Development ("HUD"), as a Third Party Defendant.  Pending before the court is Plaintiff's Motion for Summary Judgment (ECF No. 6).  For the reasons stated herein, the court grants Plaintiff's Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

On or about August 27, 2001, Favino executed a note ("Note") in favor of Mortgage Now, Inc. ("Mortgage Now") for the purchase of 13107 Shady Oak Boulevard, Garfield Heights, Ohio (the "Property").  (Declaration of Cindy T. Shanabrook ('WF Decl.") ¶ 3, Ex. A, ECF No. 6-1.) Mortgage Now endorsed the Note, transferring it to Washington Mutual Home Loans, Inc.  (WF Decl ¶ 4, Ex. A.)  Washington Mutual Home Loans, Inc. endorsed the Note in blank.  (WF Decl. ¶

5, Ex. A.)  Washington Mutual Bank, F.A., as successor to Washington Mutual Home Loans, Inc., then executed an allonge to the Note (the "Allonge"), transferring the Note to Wells Fargo.  (WF Decl. ¶ 5, Ex. A, E.)  Wells Fargo now holds the Note, and has "possession, custody, and control of the Note."  (WF Decl. ¶ 6.)  In order to secure payment of the Note, Favino executed a mortgage ("Mortgage") with Mortgage Electronic Registration Service, Inc. ("MERS") as nominee, on August 27, 2001.  (WF Decl. ¶ 7, Ex. 7.)  On November 28, 2008, MERS assigned the Mortgage to Wells Fargo, and on December 1, 2008, the assignment was recorded in the Real Estate records of Cuyahoga County as Instrument Number 200812010025.  (WF Decl. ¶ 8, Ex. D.)

Favino maintains that towards the end of 2007 and the beginning of 2008, he fell behind on his loan.  (Counterclaim/Complaint ¶ 11, ECF No. 1-1.)  On or about February 16, 2008, Wells Fargo forwarded to Favino a loan modification packet, which included a Loan Modification Transmittal Form, and a proposed loan modification agreement ("LMA").  (WF Decl. ¶ 9, Ex. F.)  Favino entered into a LMA with Wells Fargo in March of 2008.[1]  (Counterclaim/Complaint ¶ 12.)  Pursuant to the Loan Modification Transmittal Form, and as a condition of the LMA, Favino was required to make a down payment of $5,932.06 toward arrearages.  (WF Decl. ¶ 12, Ex. B.) The LMA was for the amount of $107,390.60, payable over 30 years at an interest rate of 7.5% per year.  (Counterclaim/Complaint. at ¶ 13; LMA ¶ 1.)  Monthly payments of principal and interest were $750.89, with the first due date of May 1, 2008.  (*Id*. at ¶ 13; LMA ¶ 2.)  In addition to principal and interest, Favino also had to pay "taxes, insurance premiums, assessments, escrow items, impounds, and other amounts under the Note."  (WF Decl. ¶ 12, Ex. B at ¶ 2.)  Except as specifically provided

---

[1]     Though Favino contends that that the date the parties entered the agreement was March 13, 2008, the Loan Modification Agreement shows that it was entered into on May 15, 2008.

in the LMA, the terms of the Note and the Mortgage remained unchanged.  (WF Decl. Ex. B at ¶ 6.)

Under the Note and the LMA, Favino was in default if he failed to make the monthly payment.  (WF

Decl. Ex. A at ¶ 6(B), Ex. B at ¶ 6.)  The Note and LMA also allowed for a late charge if any

payment was not paid in full when fifteen calendar days have passed since the payment was due.

(WF Decl. Ex. A at ¶ 6(A), Ex. B at ¶ 6.)

Favino did not make full and timely payments under the LMA.  (WF Decl.¶¶ 13, 17; *see* Ex.

G at ¶ 1 and p. 2.)  As a result, Favino executed a Forbearance Agreement on July 28, 2008,

acknowledging his defaults.  (WF Decl.¶ 14, Ex. G.)  Favino agreed that he would cure his defaults

by paying $1,023.00 on August 23, September 23, and October 23, 2008, and $6,723.52 on

November 23, 2008.  (WF Decl.¶ 15, Ex. G at ¶¶ 2, 5.)   Favino made a payment of $1,023 on

August 26, 2008, but made no further payments.  (WF Decl.¶¶ 16, 17.)  After September of 2008,

Favino lost his job at DHL and had difficulty making his mortgage payment.

(Counterclaim/Complaint  ¶ 15.)

 In December of 2008, Wells Fargo filed the instant action, alleging it was the holder of the

Note, as modified by the LMA, and secured by the Mortgage.  (Counterclaim/Complaint ¶¶ 15, 16,

41, 45; Note, Ex. A, ECF No. 6-1; Mortgage, Ex. C; LMA, Ex. B.)  As of April 1, 2010, Favino

owes to Wells Fargo, $131,863.54, combined with interest at the rate of 7.5% per year from that

date.  (WF Decl.¶ 18.)

### III.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law . . . .

In reviewing summary judgment motions, this court must view the evidence in a light most favorable

to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 153 (1970); *White v. Turfway Park Racing Ass'n*, *Inc.*, 909 F.2d 941,

943-44 (6th Cir. 1990).  A fact is "material" only if its resolution will affect the outcome of the

lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a

factual issue is "genuine" requires consideration of the applicable evidentiary standards.  Thus, in

most civil cases the Court must decide "whether reasonable jurors could find by a preponderance

of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.  However,

"[c]redibility judgments and weighing of the evidence are prohibited during the consideration of a

motion for summary judgment." *Ahlers v. Scheibil,* 188 F.3d 365, 369 (6th Cir. 1999).

Summary judgment is appropriate whenever the non-moving party fails to make a showing

sufficient to establish the existence of an element essential to that party's case and on which that

party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft

of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir.

1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).  The non-

moving party is under an affirmative duty to point out specific facts in the record as it has been

established that create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp.

1, 4 (S.D. Ohio 1992).  The non-movant must show "more than a scintilla of evidence to overcome

summary judgment"; it is not enough to show that there is slight doubt as to material facts. *Id*.

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere

- 4 -

> allegations or denials of the adverse party's pleading, but the adverse
> party's response, by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is a genuine issue for
> trial.

Fed. R. Civ. P. 56(e).

### III. LAW AND ANALYSIS

#### 1. Count One

In Count One of the Complaint, Plaintiff alleges that it is the holder of a note and loan

modification agreement, and by reason of default under the terms of the Note, LMA and the

Mortgage, Plaintiff has declared the debt of the Note due from Defendant.  Plaintiff seeks the sum

of $131,853.54, along with interest at the rate of 7.50 % per year since April 1, 2010.

The court stated in *Gaul v. Olympia Fitness Ctr. Inc.*, 623 N.E.2d 1281, 1284 (Ohio App.

1993), "under Ohio law, once a default in payment has occurred under the terms of a note, and once

the note has been accelerated, the holder of the note is entitled to judgment."  Favino executed the

Note and the LMA and did not make the required payments.  He then entered the Forbearance

Agreement, where he admitted to his prior default, made one payment, and then again defaulted.

Favino has not made a payment since August 26, 2008.  Once Favino was in default, the terms of

the Note entitled Wells Fargo to accelerate the payments due under the Note and the LMA.  Wells

Fargo commenced the instant action on December 1, 2008.

Favino does not contest that he is in default under the Note or the LMA.  Summary judgment

is appropriate whenever the non-moving party fails to make a showing sufficient to establish the

existence of an element essential to that party's case and on which that party will bear the burden

of proof at trial.  *Celotex*, 477 U.S. at 322.  The non-moving party is under an affirmative duty to

point out specific facts in the record as it has been established that create a genuine issue of material

- 5 -

fact. *Fulson*, 801 F. Supp. at 4. The non-movant must show "more than a scintilla of evidence to overcome summary judgment"; it is not enough to show that there is slight doubt as to material facts. *Id.* Favino has not presented any evidence to create a genuine issue of material fact. His failure to respond, along with his statements within his Counterclaim that he has not made several payments because of his job loss, indicate that he has conceded this argument. However, even if these things were not to be read as concessions, the court still finds summary judgment to be appropriate, as Favino has not presented any evidence that he is not in default on this loan.

Favino attempts to respond to this Motion, but in doing so includes what is for the most part, the identical arguments used in his Opposition to Plaintiff's Motion to Dismiss and Third Party Defendant's Motion to Dismiss. He states that (1) Wells Fargo did not have a face-to-face meeting with him, which he alleges violates FHA policy and Housing and Urban Development ("HUD") regulations; (2) Wells Fargo did not engage in loss mitigation to "generate the smallest possible loss to HUD"; and (3) the Real Estate Settlement Procedures Act of 1974 ("RESPA") provides him with an affirmative defense for Wells Fargo not complying with the FHA rules under RESPA.

The party asserting an affirmative defense bears the burden of that proof at trial, and therefore a non-movant is required to point to specific facts raising a genuine issue for trial as to each element of the affirmative offense. *Celotex*, 477 U.S. 317, 323-24. The Supreme Court further stated that in its view, the plain language of Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Favino argues that federal law requires Wells Fargo to have had a face-to-face meeting with him before initiating foreclosure proceedings, and that

because it did not do so, it is precluded from foreclosure.  HUD regulations state:

> [t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced . . . .

24 C.F.R. § 203.604(b).  A face-to-face is not required though, if any of the following apply:

> (1) The mortgagor does not reside in the mortgaged property,
>
> (2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,
>
> (3) The mortgagor has clearly indicated that he will not cooperate in the interview,
>
> (4) A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or
>
> (5) A reasonable effort to arrange a meeting is unsuccessful.

24 C.F.R. § 203.604(c).  Favino has not put forth any evidence to demonstrate that a face-to-face

meting was required in his case.  Though he provides an affidavit in his Opposition to this Motion,

Favino does not prevent any evidence that he resides in the property.  *See* 24 C.F.R. § 203.604

(c)(1).  Favino does not put forth any evidence that the property is within 200 miles of the

mortgagee, its sevicer, or a branch of office of either. *See* 24 C.F.R. § 203.604 (c)(2).  Wells Fargo

has submitted undisputed evidence that it arranged on two separate occasions, new repayment plans

to bring Favino's account current.  Therefore, under 24 C.F.R. § 203.604(c)(4), a face-to-face

meeting would not be required.  Wells Fargo entered into the LMA in March of 2008, which

brought Favino's account current, and removed any requirement for a face-to-face meeting regarding the original Note.  Following Favino's default under the LMA, Wells Fargo entered into the Forbearance Agreement, and again removed any requirement for a face-to-face meeting regarding the default on the LMA.  The Forbearance Agreeement was "Well's Fargo's agreement to temporarily accept reduced payments from Favino on the LMA–the goal being a loan modification review on successful completion of the outlined payments–and Favino's acceptance of the Forbearance Agreement's terms."  (Reply at 5, ECF No. 12; *see also* Forbearance Agreement ¶¶ 1, 2, Ex. G, ECF No. 6-1.)  The Forbearance Agreement required strict compliance, and by executing it, Favino agreed that his failure to strictly comply with it subjected him to immediate foreclosure.  (Forbearance Agreement, ¶¶ 2, 3, 4, 6, 7.)  By failing to strictly comply, Favino breached the Forbearance Agreement.  The HUD regulations did not require there to be a face-to-face meeting, since this had been a repayment plan consistent with 24 C.F.R. § 203.604(c)(4).  In addition, Favino was under bankruptcy protection regarding the Note and Mortgage until October 23, 2007, when an order granting stay relief was entered.  Until Wells Fargo was granted relief from the automatic stay, it was precluded from taking any action to collect on the Note and Mortgage, including any meeting with the debtor to discuss any "unpaid monthly installments, work-out options, or payment terms" under 11 U.S.C. § 362(a)(6).  (Reply at 5, ECF No. 12.)  Favino has therefore failed to carry his burden of proof on his affirmative defense, of a lack of a face-to-face meeting as required by HUD regulations, and therefore summary judgment is appropriate.

Favino contends that Wells Fargo had a duty to engage in loss mitigation to "generate the smallest possible loss to the Department," and asserts that Wells Fargo has failed to do so.  (Opp. at 4-6.)  It is unclear in what context Favino seeks to assert this argument, whether it is part of his

- 8 -

affirmative defense regarding the lack of a face-to-face meeting, or if it is a separate claim that entitles Favino to relief. As discussed above, his argument regarding the face-to-face meeting must fail. To the extent he seeks to assert something different, his argument must also fail. In *King v. Alabama Dept. Of Public Health*, No. 09-0503-ES-C, 2010 WL 3522381, at \*12 (S.D. Ala. 2010), the court stated that "a court is not obligated to read minds or construct arguments or theories of relief that counsel have failed to raise and that are not reasonably presented on the face of the pleadings." Further, the court in *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), stated "[t]here is no burden upon the district court to distill every potential argument that could be based upon the materials before it on summary judgment." Therefore, any other argument that Favino has attempted to make, but is unrecognizable, must fail for Favino's inability to state any identifiable arguments.

Favino has failed to identify any other facts regarding what Wells Fargo could have or should have done. Interest has continued to accrue on the Note every day, and Favino has failed to make any further payments as required by the Note, LMA, and the Forbearance Agreement. Through its initiation of these foreclosure proceedings, Wells Fargo is complying with its obligation under HUD regulations to "mitigate foreclosure damages" and generate the "smallest financial loss."

Favino also brings up his previous REPSA argument, asserting he has a "private cause of action to police practices that are not being policed by the FHA." (Opp. at 5.) The court and Wells Fargo already addressed this argument in the Order granting Plaintiff's Motion to Dismiss. As previously stated, there is no private right of action for a violation of HUD regulations under the National Housing Act. The court also stated that although there is a private right of action for

violations of certain  RESPA provisions, it does not create a private right of action for every

regulation promulgated by HUD.  In any event, the current issue before the court is whether Wells

Fargo is entitled to judgment to recover the amount due under the Note and to foreclose on the

Mortgage.  Favino fails to offer even a "scintilla of evidence" that Wells Fargo is not entitled to

summary judgment on this Count.  Accordingly, the court finds Plaintiff is entitled to summary

judgment on Count One.

### 2. Count Two

In Count Two, Plaintiff seeks foreclosure of the mortgage because of Defendant's default.

Plaintiff states that the Mortgage constitutes a valid first lien upon the real estate described within

the Mortgage.  (*See*  Mortgage, Ex. C, ECF No. 6-1.)  Under Ohio law, foreclosure requires a two

step process, "[o]nce a court has determined that a default on an obligation secured by a mortgage

has occurred, it must then consider the equities of the situation in order to decide if foreclosure is

appropriate." *First Knox Natl. Bank v. Peterson,* 2009 WL 3086583, at ¶ 18 (Ohio App. Sep. 24,

2009) ( internal citation omitted).   In *Citizens Bank v. Cinema Park L.L.C.*, 2010 WL 420019, at

*3 (N.D. Ohio Jan. 29, 2010), the court stated that

> [e]stablishing an entitlement to foreclosure, in turn, requires proof of
> the following elements: (1) execution and delivery of a valid note and
> mortgage, which instruments are now held by plaintiff; (2) the
> recorded mortgage is a valid lien on the property at issue; (3) the maker
> of the note and mortgage has defaulted on its obligation under those
> instruments; (4) resulting in an established amount due.

(internal citation omitted).  The record establishes, and it is not disputed, that Favino executed the

Note, LMA, and Mortgage, and that the Mortgage granted a lien against the property at issue.  (W.F.

Decl. ¶¶ 3-10; Ex. C.)  It is also undisputed that Favino has defaulted on his obligations under the

Note, then the LMA, and now the Forbearance Agreement, and as a result Wells Fargo is owed

- 10 -

money.  (W.F. Decl. ¶¶ 11-18.)  Thus, the basis for finding that Wells Fargo is entitled to an order of foreclosure has been established.  Any attempts at argument that Favino has made that Wells Fargo should not be allowed to foreclose on the Mortgage have been reviewed and rejected above. Accordingly, the court enters summary judgment on Count Two.

## IV.  CONCLUSION

For the foregoing reasons, Wells Fargo's Motion for Summary Judgment  (ECF No. 6) is granted.  The court hereby orders the Mortgage to be foreclosed and the equity of redemption of Favino and all persons claiming by or through him be foreclosed and be forever barred; that the Property be sold free of all claims and interest of any and all Defendants herein; that all liens be marshaled; and that the proceeds of sale be applied to payment of the Mortgage in the order of its priority to satisfy the indebtedness.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2011

- 11 -